**Commonwealth v. Zimmerman**

*Richard Saxton, assistant district attorney,* for the Commonwealth.
*Frederick D. Lingle,* for defendant.

BROWN, *P.J.,* February 10, 1987—This summary conviction appeal has been submitted to the court on a somewhat abbreviated case-stated basis. Defendant has been charged with driving while his operating privileges were suspended or revoked in violation of §1543(a) of the Vehicle Code.

The facts as agreed upon by the parties arise from an incident that occurred on November 12, 1986. At that time defendant was stopped by Officer Wayne Williams in Bald Eagle Township on Pa. Route 150. After the traffic stop defendant exhibited his operator's license. However, upon Officer Williams further checking it was learned that defendant's operating privileges had previously been suspended by the department. By notice mailed August 26, 1986 he had been suspended for a period of 120 days effective on September 30, 1986. Defendant was aware of this suspension but did not surrender his license to the department in accordance with the suspension notice. As a result of this a lift order was apparently dispatched to the Pennsylvania State Police in Mifflintown who, upon contacting defendant, made arrangements for him to come to the Mifflintown barracks on November 14, 1986, to surrender his operator's license. As a result of this arrangement defendant was under the impression

that he was able to drive until November 14, 1986, when he was to surrender his operator's license.

As a result of the advice that defendant's license had been suspended, Officer Williams physically took defendant's operator's license from him and forwarded it to the department who then advised defendant by an undated letter that his license had been surrendered to the police and that his suspension or revocation period began on November 20, 1986.

On the above facts defendant argues that his actual suspension did not begin to run until his license was received by the department, i.e. November 20, 1986. He further argues that he was under the impression by his contact from the Pennsylvania State Police at Mifflintown that he was able to drive until November 14, 1986 when his license was to be voluntarily surrendered. Finally, defendant has argued that the violation is a de minimus violation.

The Commonwealth disagrees with all of defendant's positions and argues that he should be found guilty of driving during suspension. Neither party has submitted any authority for their position.

The violation with which defendant is charged is described in section 1543(a) as follows:

"(a) *Offense Defined.* — Except as provided in sub-section (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when their (sic) operating privilege is suspended, revoked or recalled is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.00."

With respect to the period of revocation or suspension of an operating privilege, section 1541(a) provides:

"(a) *Commencement of Period.* — The period of revocation or suspension of the operating privilege shall commence on the date on which the driver's license was surrendered to and received by the court or the department as the case may be. . . ."

A cursory reading then of section 1541(a) would tend to support defendant's position that the actual surrender date of the license begins the commencement of the period of suspension. No appellate authority has been found construing section 1541 although one common pleas decision has held that the section does not mean that a driver must physically surrender his operating license before he can be charged with operating under suspension. In that case it was held that section 1541(a) simply prescribed a method of computation by which the final termination of the period of suspension may be established, and that a defendant's failure to surrender his license did not preclude the Commonwealth from charging him with operating under suspension. Commonwealth v. Trunzo, 20 D.&C. 3d 738 (1981).

After some reflection the court finds the reasoning in Trunzo to be persuasive and will adopt it in disposing of defendant's contention that he was not under suspension on November 12, 1986. To accept defendant's argument would encourage operators to ignore the authority of the Department of Transportation to suspend and revoke licenses and to continue operating a motor vehicle during a period when a suspension should have been in effect. A party who ignores a suspension order should not be encouraged nor rewarded. A finding that a party, merely because he retained physical possession of his license, is not to be considered under suspension would be against public policy as an affront to those drivers who surrender their license when duly de-

manded. Accordingly, defendant is perceived as a contumacious driver who ignored a suspension order and the court finds beyond a reasonable doubt that on November 12, 1986 his operating privileges were under suspension.

In assessing defendant's argument that the State Police perpetuated his belief that he was able to legally drive until November 14, 1986, the court likewise rejects this argument. In this regard it is not the State Police who have the authority to suspend or revoke an operator's privilege, nor does that agency have the authority to alter the department's order as to when a suspension officially begins. While the court is not aware of the precise date when the lift order was presented to the State Police by the Department, it would seem that the better practice would be to forward such a notice to the area in which defendant is residing or otherwise inhabiting so that the lift order can be actually executed as opposed to giving an operator a deadline on which to appear to surrender his license.

Defendant's final argument that his particular violation is a de minimus violation is rejected. The orderly administration of highway laws and regulations requires that operators whose privileges are suspended in fact be subject to those suspensions and not be free to ignore them and to set their own time limits when such suspensions are to begin. A driver's operating privileges are generally suspended for some infraction of the vehicle laws as a punitive measure to encourage lawful conduct. To find that such violations are de minimus in the context of defendant's ignoring a suspension order would be counterproductive.

## ORDER

And now February 10, 1987, based upon the fore-

going opinion the court finds defendant guilty of driving while his operating privileges were suspended in violation of section 1543(a) of the Vehicle Code and it is the sentence of the court that defendant pay the statutorily mandated fine of $200 and the costs of prosecution, this sentence to become effective on the 11th day following the date and filing of this opinion and order unless defendant files post-hearing motions in accordance with the following instructions.

Defendant is herewith advised that he has the right to file a motion in arrest of judgment within 10 days of the date and filing of this order on grounds of error appearing on the face of the record or that the evidence was insufficient to sustain the charge or that the court did not have jurisdiction in his case. If the court should rule favorably on such a motion the charges would be dismissed and defendant would be discharged.

Defendant is further advised that he has the right to file a motion for a new hearing within 10 days of the date and filing of this order on grounds of hearing errors prejudicial to him or that the finding of guilt is against the weight of the evidence or for other possible reasons. If the court should rule favorably on such a motion a new hearing would be granted.

Defendant is further advised that if such motions are filed and the court rules against him he has the right of appeal to a higher court only on the grounds contained in such motions. Defendant is also advised that if such motions are not filed or even if they are filed but are later voluntarily withdrawn by him, the legal effect will be that the finding of guilt entered in this opinion and order will stand and he will be waiving or giving up his right to file such motions and appeal to a higher court.